# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LISA MALAGO,                        :

                                 :

          Appellant,         :     C.A. No. K16A-01-001 JJC

v.                             :     In and For Kent County

                                 :

UNEMPLOYMENT INSURANCE   :

APPEALS BOARD, AND          :

BUSINESS INTERFACE OF       :

MARYLAND, LLC                :

                                 :

          Appellees.         :

Submitted: July 1, 2016
Decided: July 12, 2016

***Upon Consideration of Appellant's Appeal from the Unemployment Insurance Appeal Board - AFFIRMED***

**ORDER**

**AND NOW TO WIT**, this 12th day of July, 2016, upon consideration of the record and the briefing by the parties, **IT APPEARS THAT**:

1. Before the Court is the *pro se* appeal of Appellant Lisa Malago (hereinafter "Malago") from the decision of the Unemployment Insurance Appeals Board (hereinafter "the Board" or "the UIAB"). Malago sought unemployment compensation from her employer, Business Interface of Maryland, LLC (hereinafter "Employer"), after termination of her employment on August 11, 2015. After a review of the record and the parties' submissions, the Court affirms the decision of the UIAB's decision.

2. The evidence presented at the various levels through the administrative process is not in dispute. Malago emailed confidential employer information to a person outside the company. Namely, Malago was shown to be on notice that Employer's Code of Ethics was confidential information. She does not dispute that she emailed it to an outside party.

3. Based on this evidence, the Claims Deputy found that Employer had just cause to terminate Malago. Thereafter, an Appeals Referee also found that Malago was discharged with just cause and therefore was disqualified from receipt of unemployment benefits. Finally, after a December 2, 2015 hearing, the UIAB affirmed the Referee's decision, finding that Employer was justified in terminating Malago for violating Employer's confidentiality policy. Pursuant to 19 *Del. C.* § 3314(2), Malago was therefore disqualified from receiving unemployment benefits. Robbins then filed a timely appeal to the Superior Court pursuant to 19 *Del. C.* § 3323.

4. Pursuant to 19 *Del. C*. § 3323(a), the Superior Court's jurisdiction is limited to a review for errors of law, together with a limited factual review. Namely, the review is "limited to the question of whether there is substantial evidence in the record to support the Board's findings and whether such findings are free from legal error. In such an appeal, this Court does not weigh the evidence, determine questions of

2

credibility, or make its own factual findings."[1]

5. The Board applied the correct legal standard below. Namely, 19 *Del. C.* § 3314(2) provides that an individual is disqualified for unemployment benefits if he or she "was discharged from the individual's work for just cause in connection with the individual's work . . .." In this context, the burden of proving just cause is on the employer.[2]

6. The Court finds substantial evidence on the record that Malago violated Employer's confidentiality policy by emailing confidential material to a former employee who no longer worked for Employer. Employer's policy included a prohibition against disclosing any such information to third parties other than for "approved business transactions." Malago's defense was that she sent the document to a former employee who she expected to already have had the information. Even though such circumstances would not mean that Malago did not violate company policy, Malago's claim is contradicted by the fact that the addendum she forwarded to the outside party was a newly generated document that Malago immediately forwarded to this non-employed third person.

7. Malago also alleges that Employer violated its own policies. However, there

---

[1] *Murphy & Landon, PA v. Pernic*, 121 A.3d 1215, 1222 (Del. 2015).

[2] *Shuler v. UIAB & Rodel, Inc.*, 1986 WL 6595, at * 1 (Del. Super. Apr. 7, 1986).

was no casual nexus between the alleged violations of separate policies and Malago's wrongful disclosure of confidential information.  Accordingly, the Board's decision that the Employer met its burden of proof is supported by substantial evidence.

**NOW THEREFORE**, for the reasons cited, the Board's decision is **AFFIRMED.**

**IT IS SO ORDERED.**

/s/ Jeffrey J Clark
Judge